■ TERRY ROEHM, Respondent, v RLB DEVELOPMENT, LLC, Appellant. [857 NYS2d 422]—

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June 18, 2007 in a

personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working at a demolition project at the Penn Can Mall (Penn Can project). Defendant, the general contractor for the Penn Can project, moved for summary judgment dismissing the complaint on the ground that plaintiff was either an employee or a "special employee" of defendant and thus that workers' compensation was plaintiff's exclusive remedy. According to defendant, Platinum Corporation, the entity alleged by plaintiff to be his actual employer, was merely a "common paymaster" that handled services for defendant such as payroll and tax preparation and acted as a "quasi-employment agency." Supreme Court properly denied defendant's motion inasmuch as defendant failed to meet its initial burden of establishing that plaintiff was either its employee or "special employee" (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The failure of defendant to meet its initial burden requires denial of the motion, regardless of the sufficiency of plaintiff's opposition thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and we agree with plaintiff that he should have the opportunity to conduct discovery. Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.